IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNY CYRUS, | : | CIVIL ACTION NO. **3:CV-06-2051** |
| Plaintiff | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| UNITED STATES OF AMERICA and KAREN F. HOGSTEN, et al., | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

Plaintiff, Johnny Cyrus, an inmate at the Federal Correctional Institution at Allenwood, White Deer, Pennsylvania ("FCI-Allenwood"), filed, *pro se*, the instant civil rights action under *Bivens*[1] pursuant to 28 U.S.C. § 1331, on October 19, 2006. The Plaintiff has also filed an application for leave to proceed *in forma pauperis*. (Doc. 2).[2] The Complaint consists of four handwritten pages, including two pages of the Statement of Facts. (Doc. 1).[3]

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971). Plaintiff has recently filed five other actions with this Court, namely 06-1698, 06-1665, 06-1697, 06-2022, 06-2052, M.D. Pa.

Plaintiff incorrectly styles his present action as being also under § 1983. (Doc. 1, p. 1). However, a § 1983 civil rights suit is against state officials and not federal officials of the Bureau of Prisons ("BOP"), as Plaintiff is naming in this case. *See Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa.).

[2] By separate Order, we shall grant Plaintiff's Motion for *in forma pauperis*. (Doc. 2).

[3] In his present Complaint, similar to most of his other recently filed Complaints, the Plaintiff indicates that he has not fully exhausted the grievance procedure available at FCI-

The Complaint alleges that on August 3, 2006, Plaintiff was having chest pain and the SHU CO's called Defendant P.A. J.W. Freynik. Defendant Freynik took Plaintiff to the clinic but did not give him oxygen to help him breathe. (Doc. 1. P. 3). Plaintiff claims that "in retaliation, for me filing on (his friends) staff members P.A. Freynik, in front of the nurses, he deliberately, sticks his finger, in the corner of my right eye, like he was trying to pull it out, of the socket. He pressed, so hard, it was more, painful then the chest pains." Plaintiff claims that after this incident, Defendant and the nurses laughed at him. Plaintiff avers that Defendant Freynik then made a fist and with both hands put his knuckles in his chest ands started rubbing real hard, "trying to crush my chest in." Plaintiff states that they all laughed, and he was caused severe pain. Plaintiff avers that he still has trouble with his right eye and chest as a result of Defendant Freynik's conduct. (*Id.*, p. 4). Plaintiff indicates that on August 3, 2006, he was taken to the hospital and stayed there for three days. Plaintiff avers that he asked a doctor at the hospital if Defendant Freynik's treatment of him

---

Allenwood. (Doc. 1, p. 1). As we have repeatedly noted in our prior Reports and Recommendations when screening Plaintiff's cases, it is well-settled that the Plaintiff must exhaust his administrative remedies prior to filing a civil rights suit. In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including § 1983 actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.*; *Woodford v. Ngo,* 126 S Ct. 2378 (2006); *Fortune v. Bitner*, 2006 WL 2769158, *7 (M.D. Pa.)("The PLRA mandates that inmates 'properly' exhaust administrative remedies before filing suit in federal court.")(citation omitted). Further, the Defendants have the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002); *Fortune v. Bitner*, 2006 WL 2769158, *7.

Since Plaintiff's claim arose on August 3, 2006, it seems doubtful that he could have exhausted all of his available BOP administrative remedies before he filed this action. Plaintiff is well aware of the PLRA exhaustion requirement based on the screening of his prior cases he has filed with this Court.

was "some kind of medical treatment," and the doctor stated "no." Plaintiff concludes that he has permanent eye damage and has severe pain. (*Id*.). Thus, Plaintiff raises a First Amendment retaliation claim and an Eighth Amendment denial of proper medical care claim against Defendant Freynik. Plaintiff does not state any claim against Defendant Warden Hogsten.

Plaintiff avers that Defendant Freynik gave him improper medical care for his chest pain and that he deliberately injured his right eye as retaliation against him due to his lawsuits against prison staff. As stated, Plaintiff does not specifically state what Defendant Hogsten did to retaliate against him or to deny him proper medical care.

Plaintiff names as Defendants the United States, Warden Hogsten and P.A. Freynik. The stated two individual Defendants are both employed at FCI-Allenwood.

Defendant Hogsten is not alleged to have played any role in the denial of Plaintiff's medical care on August 3, 2006, or to have engaged in any conduct amounting to a violation of Plaintiff's Eighth Amendment Constitutional rights. Plaintiff does not state the personal involvement of Defendant Hogsten with respect to his Eighth Amendment denial of medical care claim or with respect to his First Amendment retaliation claim. Rather, this Defendant appears to be named in this case based on *respondeat superior*. Further, as we have indicated in our prior Reports and Recommendations screening Plaintiff's cases, the United States is not a proper Defendant in a *Bivens* action.

The Complaint does not sufficiently specify any conduct, wrongful or otherwise, of Defendant Hogsten. This Defendant is not alleged to have played any role in the alleged retaliatory injury to Plaintiff or to have played any role in the denial of medical care to Plaintiff after his

August 3, 2006, chest pain. Nor is this Defendant alleged to have been aware at the time of the incident that the medical staff was denying him proper treatment for his chest pain or that P.A. Freynik was causing him injuries. Plaintiff does not even mention Defendant Hogsten in his pleading, and he does not aver that he requested Defendant Hogsten to give him medical care and that she denied it. Nor does Plaintiff allege any serious or permanent injuries as a result of any conduct by Defendant Hogsten. Rather, he states that he was in severe pain from Defendant Freynik's conduct. Plaintiff does not state that Defendant Hogsten was aware that a prison staff member was retaliating against him by injuring him on August 3, 2006.

As relief, Plaintiff seeks compensatory damages in the amount of $1 million for medical malpractice, pain and suffering, assault, and cruel and unusual punishment, as well as retaliation. (*Id.*, p. 5).[4]

## II. PLRA.

We now review the Plaintiff's pleading and find that it contains fatal deficiencies as to the Defendant Hogsten, namely the failure to state an Eighth Amendment deliberate indifference claim and a First Amendment retaliation claim against this Defendant. We find that the Defendant United States cannot be named in this *Bivens* action. We also find that Plaintiff should be allowed

---

[4]As we have noted in Plaintiff's previous actions, and as the District Court has directed, Plaintiff's request for a specific amount of monetary damages should be stricken. Since Plaintiff seeks unliquidated damages, he cannot claim a specific sum of relief. Pursuant to Local Rule 8.1, M.D. Pa., Plaintiff's request for specific monetary damages of $1 million should be stricken from his Complaint. *See Stuckey v. Ross*, Civil No. 05-2354, M.D. Pa., 1-9-06 Order, J. McClure.

Also, to the extent that Plaintiff sues for medical malpractice, such a claim is not proper in a *Bivens* action. *See Davidsen v. O'Lone*, 752 F.2d 817 (3d Cir. 1984); *Daniels v. Williams*, 474 U.S. 327 (1986).

to proceed with respect to his Complaint against Defendant Freynik, the medical staff member who allegedly denied him proper medical care on August 3, 2006, and retaliated against him by injuring his right eye.

As stated, the Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995,[5] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[6] Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

In reviewing the Complaint under 28 U.S.C. §1915(e)(2)(B), we have determined that the Plaintiff is unable to maintain this action as against Defendants United States and Hogsten. We find that Plaintiff should be allowed to proceed as to his Eighth Amendment and First Amendment retaliation claims against the Defendant Freynik.

---

[5] Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

[6] The Plaintiff completed an application to proceed *in forma pauperis* and authorization to have funds deducted from his prison accounts. The court then issued an administrative order directing the warden to commence deduction of the full filing fee due the court from the Plaintiff's prison trust fund account. (Docs. 2, 3 and 4).

### III. Section 1331 Standard.

Under *Bivens*, the District Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 to entertain an action brought to redress alleged federal constitutional or statutory violations by a federal actor under *Bivens, supra*. Pursuant to *Bivens*, "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978). A *Bivens*-style civil rights claim is the federal equivalent of an action brought pursuant to 42 U.S.C. § 1983 and the same legal principles have been held to apply. *See, Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir. 1975); *Veteto v. Miller*, 829 F.Supp. 1486, 1492 (M.D. Pa. 1992); *Young v. Keohane*, 809 F.Supp. 1185, 1200 n. 16 (M.D. Pa. 1992). In order to state an actionable *Bivens* claim, a plaintiff must allege that a person has deprived him of a federal right, and that the person who caused the deprivation acted under color of federal law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Young v. Keohane*, 809 F.Supp. 1185, 1199 (M.D. Pa. 1992).

### IV. Motion to Dismiss Standard.

In considering whether a pleading states an actionable claim, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957); *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir. 1988). A complaint that sets out facts

6

which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Estelle v. Gamble*, 429 U.S. 97, 107-108 (1976).

**V. Discussion.**

In his Complaint, as stated, Plaintiff does not allege any involvement of Defendant Hogsten with respect to the denial of proper medical care on August 3, 2006, and with respect to the retaliation taken against him as a result of his previous civil rights actions he filed. As to Defendant Hogsten, Plaintiff makes no claim against her. Plaintiff does not indicate that this stated supervisory Defendant was involved with his denial of proper medical care on August 3, 2006, or that she was involved with the retaliation against him. Plaintiff's allegations do not indicate that Defendant Hogsten was deliberately indifferent to any serious medical need of Plaintiff. Nor do Plaintiff's allegations indicate that this Defendant had a causal connection to the claimed retaliatory acts that were taken against him, *i.e.* his right eye injury.

Also, Plaintiff does not claim that Defendant Hogsten retaliated against him or denied him required medical care. Plaintiff does not claim that he told Defendant Hogsten he was having chest pain, and that she refused to direct that he receive medical care. In fact, Plaintiff states that the SHU CO's called Defendant Freynik, despite Plaintiff's prior actions against prison staff, and that he was taken to the medical clinic on August 3, 2006. (Doc. 1, p. 3). Plaintiff then indicates that he was taken to the hospital and remained there for three days. Plaintiff does not claim that Defendant Hogsten caused him any injuries or that she refused to allow him to be medically treated after his chest pain. Plaintiff does not claim that this Defendant was aware at any time that he was being retaliated against or that she had any knowledge that any of the staff was injuring him. The

7

allegations in Plaintiff's Complaint do not support Plaintiff's present Eighth Amendment denial of medical care claim and First Amendment retaliation claim as against Defendant Hogsten. Further, Plaintiff's own allegations do not show that this stated Defendant denied him necessary medical treatment following his August 3, 2006, chest pain or that she was deliberately indifferent to any of his serious conditions to establish an Eighth Amendment claim against her. Nor do Plaintiff's allegation show that this Defendant was part of the retaliatory actions being taken against him by Defendant Freynik.

Plaintiff has properly named the responsible prison personnel who was personally involved with his First Amendment and Eighth Amendment claims, namely Defendant Freynik. However, he has also improperly named the United States as a Defendant in this case.

Consequently, based on the present pleading, the Plaintiff has failed to allege an Eighth Amendment violation by Defendant Hogsten. Plaintiff's Eighth Amendment claim as to this Defendant should be dismissed, and he should be allowed to proceed with his pleading as to the responsible prison official, namely Defendant Freynik.

Moreover, Plaintiff does not allege any specific personal involvement of Defendant Hogsten, who admittedly did not participate in the retaliatory injury of Plaintiff, with respect to his First Amendment retaliation claim. As discussed, Plaintiff does state what this Defendant did to violate any of his Constitutional rights. Liability may only be based upon the Defendant's personal involvement in conduct amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976); *Sutton v. Rasheed*, 323 F.3d 236, 249-50 (3d Cir. 2003). It is also well settled in the Third Circuit that personal involvement of defendants in alleged

constitutional deprivations is a requirement in a civil rights case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id.* "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825 (1994) *citing Helling v. McKinney*, 509 U.S. 25 (1993); *Wilson v. Seiter*, 501 U.S. 294 (1991); *Estelle v. Gamble*, 429 U.S. 97 (1976).

The Eighth Amendment requires that the official must know of and disregard an excessive risk to inmate health or safety. *Farmer,* 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. "The question...is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health.'" *Farmer*, 511 U.S. at 843.

Here, Plaintiff does not allege to have suffered any injury from the actions of Defendant Hogsten. Plaintiff does not allege that this Defendant retaliated against him or that she was involved in the medical staff's failure to provide him with proper treatment. Thus, there is no alleged

conduct by this Defendant that amounts to deliberate indifference, and thus the Complaint is not sufficient to constitute an Eighth Amendment claim as against this Defendant. Nor is there any personal involvement of this Defendant with respect to the alleged retaliatory injury of Plaintiff's eye. Pursuant to *Rode, supra*, the supervisory Defendant cannot be held liable based on *respondeat superior* in this case. Thus, Defendant Hogsten should be dismissed from this case.

Nor has Plaintiff stated a First Amendment retaliation claim against Defendant Hogsten. Plaintiff only alleges that medical staff member Defendant Freynik deliberately stuck his finger in Plaintiff's right eye in retaliation for his lawsuits. (Doc. 1, p. 3). In *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001), the Court stated that "a prisoner litigating a retaliation claim must show that he suffered some 'adverse action' at the hands of the prison officials." To establish a retaliation claim, the Plaintiff must also show that there exists a causal nexus between the Plaintiff's constitutionally protected conduct and the adverse action. *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). We find that this nexus does not exist with respect to the supervisory Defendant, Hogsten.

Further, the United States is not a proper Defendant in this case. While the United States has waived sovereign immunity for an FTCA action, it has not waived sovereign immunity for a *Bivens* action. *See Jaffee v. U.S.*, 592 F.2d 712, 717-18 (3d Cir.), *cert. denied,* 441 U.S. 961 (1979) (no waiver of United States' sovereign immunity for suits alleging constitutional violations). Thus, Plaintiff improperly named the United States with respect to his *Bivens* Complaint.

The United States has not waived its sovereign immunity for a *Bivens* action, and it is not a proper Defendant in a *Bivens* action. *See FDIC v. Meyer,* 510 U.S. 471, 114 S.Ct. 996, 999 (1994); *Alexander v. Hargrove*, 1995 WL 144636, E.D. Pa.; *Howard v. U.S.*, 2000 WL 128701, E.D.

Pa.; *see also Jaffee, supra.; Aladiem v. HUD*, 199 WL 718069, E.D. Pa. Further, to the extent that Plaintiff's *Bivens* action is against any federal prison official in his official capacity and seeks monetary damages, it is basically a claim against the United States.[7]

Thus, Defendant United States should be dismissed from this action. Defendant Hogsten should be dismissed, and Plaintiff should be allowed to proceed with his Complaint as against Defendant Freynik, who was personally involved in the denial of proper medical care after Plaintiff's August 3, 2006, chest pain, and who allegedly retaliated against Plaintiff due to his previous lawsuits filed with this Court.

---

[7]As this Court stated in *Arrington v. Inch*, 2006 WL 860961, * 4 (M.D. Pa.):

> "The doctrine of sovereign immunity precludes a plaintiff from bringing a *Bivens* action against a federal agency, *See FDIC v. Meyer,* 510 U.S. 471, 484-86 114, --- S.Ct. ----, ---- - ---- ----, --- L.Ed.2d ----, ---- - ---- ----(1994). Suits brought against federal officials in their official capacities are to be treated as suits against the employing government agency. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (cited with approval in *Christy v. Pa. Turnpike Comm'n,* 54 F.3d 1140, 1143 n. 3 (3d Cir.1995)). As a result, a *Bivens* suit brought against an individual federal official acting in his official capacity is barred by the doctrine of sovereign immunity, *See also Chinchello v. Fenton,* 805 F.2d 126, 130 n. 4 (3d Cir.1986) (affirming district court's conclusion that sovereign immunity barred an official-capacity *Bivens* claim), and the court lacks jurisdiction to hear the claim. *See Kabakjian v. United States,* 267 F.3d 208, 211 (3d Cir.2001) (holding that district courts lack jurisdiction to hear claims brought against the United States unless Congress has explicitly waived sovereign immunity)."

*Pro se* parties are accorded substantial deference and liberality in federal court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader.

Although there is not a heightened pleading standard in civil rights cases,[8] a civil rights complaint in order to comply with Rule 8 must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the compliant is not frivolous and a defendant has adequate notice to frame an answer. *Frazier v. Southeastern Pennsylvania Transp. Auth.*, 785 F.2d 65, 68 (3d Cir. 1986). A civil rights complaint complies with this standard if it alleges the conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials.

Under even the most liberal construction, we find that Plaintiff's present Complaint fails to allege any Eighth Amendment and First Amendment violations by Defendant Hogsten. Even taking into account the fact that Plaintiff is proceeding *pro se*, his Complaint fails to allege sufficient personal involvement of the stated Defendant in any Eighth Amendment and First Amendment violations.

---

[8]In *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163 (1993), the United States Supreme Court held that it was improper to apply heightened pleading standards to § 1983 civil rights actions. The Court noted that a civil rights complaint need only comply "with the liberal system of 'notice pleading' set up by the Federal Rules." *Id* at 167.

Plaintiff fails to make a claim showing that Defendant Hogsten violated either the First Amendment or the Eighth Amendment based on the standards discussed above. Accordingly, we shall recommend that this case be dismissed as to Defendants United Sates and Hogsten, and that Plaintiff be allowed to proceed as against Defendant Freynik, the responsible prison official with respect to his First Amendment retaliation claim and his Eighth Amendment denial of medical care claim.[9]

**VI. Recommendation.**

Based on the above, it is respectfully recommended that this case be dismissed as to Defendant Hogsten, as the Plaintiff has failed to state a retaliation claim under the First Amendment and a claim under the Eighth Amendment against this Defendant. It is recommended that this case be dismissed as against Defendant United States. It is further recommended that Plaintiff be allowed to proceed with his Complaint as against Defendant Freynik, the responsible prison official

---

[9]Notwithstanding the Plaintiff's *pro se* status and our finding that his § 1331 claim is insufficient as to Defendant Hogsten, we do not recommend that he be permitted to amend his Complaint to include more specific facts against this Defendant, since we find that the Plaintiff's claim against the stated Defendant fails to state a constitutional violation under the First Amendment and the Eighth Amendment. Also, Defendant United States cannot be named in a *Bivens* action. Plaintiff is well aware of the requirements of a *Bivens* action based on our screening of his previous actions. Thus, we find futility of any amendment of this claim as to Defendants United States and Hogsten, and we shall not recommend Plaintiff be granted leave to amend his pleading regarding these Defendants. *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted).

with respect to his stated two claims. Finally, it is recommended that this case be remanded to the undersigned for further proceedings.

          **s/ Thomas M. Blewitt**
          **THOMAS M. BLEWITT**
          **United States Magistrate Judge**

**Dated: October 27, 2006**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNY CYRUS, | : | CIVIL ACTION NO. **4:CV-06-2051** |
| Plaintiff | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| UNITED STATES OF AMERICA, et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **October 27, 2006.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                         s/ Thomas M. Blewitt
                                                         **THOMAS M. BLEWITT**
                                                         **United States Magistrate Judge**

**Dated: October 27, 2006**