IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNY CYRUS, | : | No. 3:06-CV-02051 |
| Plaintiff, | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| UNITED STATES OF AMERICA, et al., | : | |
| Defendants. | : | |

**O R D E R**

November 30, 2006

**BACKGROUND:**

Plaintiff is an inmate at the Federal Correctional Institution at Allenwood, White Deer, Pennsylvania ("FCI-Allenwood"). On October 19, 2006, plaintiff filed pro se this instant civil rights action, alleging a First Amendment retaliation claim and Eighth Amendment cruel and unusual punishment claim against defendants. Specifically, plaintiff alleges that defendants physically injured him when he sought medical attention, and claims that defendants did so in part because of the various lawsuits plaintiff has filed against defendants. He is seeking $1 million for medical malpractice, pain and suffering, cruel and unusual punishment, as well as retaliation. Plaintiff also seeks another $40,000 in

1

unspecified damages and requests that all his court filings be paid.

This matter was initially referred to United States Magistrate Judge Thomas M. Blewitt.

On October 27, 2006, the magistrate judge issued his thorough fourteen page report and recommendation.  The magistrate judge recommends that the complaint be dismissed as it relates to defendant Warden Hogsten and defendant United States of America.  The magistrate judge also recommends the plaintiff's claims for specific amount of damages be stricken from the complaint, that his claims for medical malpractice be dismissed, and that the matter be remanded for further proceedings with the magistrate judge as against defendant J.W. Freynik.

Plaintiff has not filed any objections to this report and recommendation.

**DISCUSSION:**

A district court reviews de novo those portions of a magistrate judge's report and recommendation to which a party objects.  L.R. 72.3.  The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.

We will adopt the magistrate judge's report in full.  We agree with the magistrate judge that plaintiff's complaint makes no arguable claim against defendants Hogsten and the United States of America.  We also agree that plaintiff

cannot request a specific amount of damages when seeking unliquidated damages, that a claim for medical malpractice is not proper in a civil rights action, and that the matter should proceed against defendant J.W. Freynik. For purposes of judicial economy, we will not rehash the sound reasoning employed by the magistrate judge in reaching these recommendations. Further, while not specifically addressed by the magistrate judge, we will also strike from the complaint plaintiff's request for $40,000. As Local Rule 8.1 makes clear, a plaintiff cannot request a specific sum of relief when seeking unliquidated damages.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The court adopts in full the magistrate judge's report and recommendation. (Rec. Doc. No. 6).
2. The complaint is dismissed as against defendant Warden Hogsten.
3. The complaint is dismissed as against defendant United States of America.
4. Plaintiff's request for $1 million is stricken from the complaint.
5. Plaintiff's request for $40,000 is stricken from the complaint.

6. Plaintiff's medical malpractice claim is dismissed, without prejudice.

7. The case is remanded to the magistrate judge for further proceedings.

          s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge