IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNY CYRUS, | : | No. 3:06-CV-02051 |
| Plaintiff, | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| UNITED STATES OF AMERICA, et al., | : | |
| Defendants. | : | |

**O R D E R**

June 25, 2007

**BACKGROUND:**

Plaintiff, formerly an inmate at the Federal Correctional Institution at Allenwood, White Deer, Pennsylvania ("FCI-Allenwood"), filed this instant pro se civil rights action on October 19, 2006.  Plaintiff alleged a First Amendment retaliation claim and Eighth Amendment cruel and unusual punishment claim against several defendants and sought specific monetary damages.  Specifically, plaintiff alleged that on August 3, 2006, he was physically injured because of his lawsuits against certain BOP officials.

This matter was initially referred to United States Magistrate Judge Thomas M. Blewitt.

1

On December 1, 2006, we adopted the magistrate judge's first report and recommendation and dismissed all but defendant P.A. J.W. Freynik from this action. On May 22, 2007, the magistrate judge issued his second report and recommendation, which recommends we grant defendant Freynik's motion for summary judgment and dismiss this action in its entirety. The magistrate judge reasons that because the defendant has established that the plaintiff failed to exhaust his administrative remedies as required under 42 U.S.C. § 1997e(a), this matter should be dismissed.

Although the plaintiff did file a response to defendant's motion for summary judgment, he has not filed any objections to the magistrate judge's second report and recommendation.

**DISCUSSION:**

A district court reviews de novo those portions of a magistrate judge's report and recommendation to which a party objects. L.R. 72.3. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

We will adopt the magistrate judge's report and recommendation in full. As the magistrate judge noted, the plaintiff's complaint is subject to the administrative exhaustion requirements of 42 U.S.C. § 1997e(a). The defendant has provided

evidence that establishes that the plaintiff has filed three potentially relevant administrative grievances since August 3, 2006 - the date on which plaintiff was allegedly attacked.[1] All three grievances were not filed correctly, and the plaintiff was subsequently given an opportunity to re-file but failed to do so. Although the defendant is not exactly sure which, if any, of these three grievance pertained to this lawsuit, it is clear that plaintiff has not adequately exhausted his administrative remedies as required for this action. For the purpose of judicial economy, we will not rehash the rest of the magistrate judge's sound reasoning in reaching his recommendation.

---

[1] The defendant notes that plaintiff actually filed five grievances since August 3rd, but that two grievances involved irrelevant "DHO" decisions.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The court adopts in full United States Magistrate Judge Thomas M. Blewitt's report and recommendation. (Doc. Rec. No. 24.)

2. Defendant P.A. J.W. Freynik's summary judgment motion is granted.

3. Final judgment is entered in favor of defendant P.A. J.W. Freynik and against the plaintiff.

4. The clerk is directed to close the case file.

5. Any appeal from this order is not taken in good faith.

                                                   s/ James F. McClure, Jr.
                                                   James F. McClure, Jr.
                                                   United States District Judge